IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE PETER BOWCUT,  )<br>                                                    )<br>                            Plaintiff,  )<br>                                                    )<br> vs.                                             )<br>                                                    )<br> IDAHO STATE BOARD OF CORRECTION,  )<br> THOMAS BEAUCLAIR, SHARON LAMM,  )<br> OFELIA ALVARADO, and PRISCILLA  )<br> MILES,                                     )<br>                                                    )<br>                            Defendants.  )<br> _____) | Case No. CV06-208- S-LMB<br><br>**ORDER** |

On May 25, 2006, the Clerk of Court conditionally filed Plaintiff's Complaint,

subject to review by the Court to determine whether the Complaint is subject to summary

dismissal under 28 U.S.C. §§ 1915 and 1915A.  Having reviewed the record, and

otherwise being fully informed, the Court enters the following Order.

## I.

### REVIEW OF COMPLAINT

### A.      Standard of Law

The Court is required to review complaints seeking relief against a governmental

entity or an officer or employee of a governmental entity to determine whether summary

dismissal is appropriate.  28 U.S.C. §§ 1915 and 1915A.  The Court must dismiss a

complaint or any portion thereof that states a claim that is frivolous or malicious, that fails

**ORDER  1**

to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.      Discussion**

Plaintiff is an Idaho prisoner who has been transferred to a Texas prison facility under contract to house Idaho inmates. Plaintiff alleges that he has been subjected to various unconstitutional prison conditions at the Texas facility. Many of Plaintiff's allegations regard serious conditions, such as overcrowding, lack of prescription medication, and other health and safety issues. Other claims are likely subject to dismissal because they are not of a constitutional magnitude, such as the unavailability of hobbycraft items and the time breakfast is served. Plaintiff brings his claims against Idaho and Texas officials.[1]

The Court will permit Plaintiff to proceed on his Complaint against the individual Defendants. The Court will not dismiss any of Plaintiff's claims at this time, but will

---

[1] Plaintiff may not proceed against the Idaho Board of Correction. In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court held that the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state. The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

**ORDER  2**

await Defendants' responses as to the facts alleged.  Plaintiff should be aware that this is only a preliminary assessment of the bare allegations of the Complaint, and that some or all of his claims may be subject to dismissal prior to trial depending upon Defendants' defenses.

## II.

## REQUEST FOR IN FORMA PAUPERIS STATUS

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time.  In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has filed a Motion to Proceed in Forma Pauperis, supported by an Affidavit of Assets and a Prison Trust Account Statement.  Based upon Plaintiff's representations of his current financial condition, the Court finds it appropriate to grant Plaintiff's Motion to Proceed in Forma Pauperis, which allows Plaintiff to pay the filing fee over time according to the schedule set forth in 28 U.S.C. § 1915(b)(1).

Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee.  Plaintiff shall be required to make monthly payments of twenty (20) percent of the preceding month's income credited to his institutional account.  The agency having custody of Plaintiff shall forward payments

**ORDER  3**

from his account to the Clerk of the Court each time the amount in the account exceeds

ten (10) dollars, until the filing fee of $350.00 is paid in full.

## III.

## MOTION FOR APPOINTMENT OF COUNSEL

Unlike criminal defendants, prisoners and indigents in civil actions have no

constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of*

*Social Services*, 452 U.S. 18, 25 (1981).  Whether a court appoints counsel for indigent

litigants is within the court's discretion.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31

(9th Cir. 1986).

In civil cases, counsel should be appointed only in "extraordinary cases."  *Id.*  at

1330.  To determine whether extraordinary circumstances exist, the court should evaluate

two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of

the plaintiff to articulate his claims pro se in light of the complexity of legal issues

involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Neither factor is

dispositive, and both must be evaluated together.  *Id*.

Applying the factors to this case, the Court finds that Plaintiff's Complaint,

liberally construed, states a claim upon which relief could be granted if the allegations are

proven at trial.  However, without more than the bare allegations of the Complaint, it is

presently impossible to determine the likelihood of Plaintiff's success on the merits.   The

Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal

**ORDER  4**

issues are not complex in this matter.  Based on the foregoing reasons, the Court finds it appropriate to deny Plaintiff's Motion for Appointment of Counsel.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff will not be assessed an initial partial filing fee at this time.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (contained in the Complaint) is DENIED.

IT IS FURTHER HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(b).   Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), and a copy of this Order, and a Waiver of Service of Summons to the following:

> **Paul Panther**, Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of Defendants Thomas Beauclair, Sharon Lamm, and Ofelia Alvarado;

**ORDER  5**

head

**Priscilla Miles**, Warden of the Newton Correction Center, Route 3, Box 22, Highway 87 North, Newton, Texas, 75966, on behalf of herself.

Should any entity determine that the individuals for whom it was served are not, in fact, its employees or former employees, or that its attorney will not be appearing for particular former employees, it should notify the Court's Pro Se Unit immediately in writing (Pro Se Unit, U.S. District Court, 550 West Fort Street MSC 042, Boise, ID 83724) or via the CM/ECF system, with a copy to Plaintiff.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form

**ORDER  6**

of a pleading or motion, with an appropriate caption designating the name of the pleading

or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil

Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States

District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests

made in the form of letters.

      IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court

immediately if his address changes.  Failure to do so may be cause for dismissal of this

case without further notice.



DATED:  **June 21, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER  7**