IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LESLIE PETER BOWCUT,          )
                                    )    Case No. CV-06-208-S-BLW
               Plaintiff,   )
                                    )    **MEMORANDUM ORDER**
vs.                               )
                                    )
IDAHO STATE BOARD OF CORRECTION,  )
THOMAS BEAUCLAIR, SHARON LAMM,    )
OFELIA ALVARADO, and PRISCILLA     )
MILES,                               )
                                  )
             Defendants.   )
_____)

This case was reassigned to this Court for lack of consent of all parties to the jurisdiction of a United States Magistrate Judge. Pending before the Court is Defendant Priscella Miles' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 17). Having reviewed the record, as well as the arguments of the parties, the Court concludes that oral argument is unnecessary and enters the following Order based on the written submissions of the parties.

## DEFENDANT MILES' MOTION TO DISMISS

### A.    Discussion

Plaintiff is an Idaho prisoner who was transferred to a Texas prison facility under contract to house Idaho inmates. Plaintiff alleges that he was subjected to various

**MEMORANDUM ORDER  1**

unconstitutional prison conditions at the Texas facility.  Many of Plaintiff's allegations regard serious conditions, such as overcrowding, lack of prescription medication, and other health and safety issues.  Other claims are likely subject to dismissal because they are not of a constitutional magnitude, such as the unavailability of hobbycraft items and the time breakfast is served.  Plaintiff brings his claims against Idaho and Texas officials.

Defendant Priscilla Miles is the warden of the Texas facility where Plaintiff was housed.  Miles asserts that no personal jurisdiction over her exists, given that she was hired after the Idaho prisoners were brought to Texas.

**B.     Standard of Law for Summary Dismissal**

When a defendant brings a motion to dismiss under 12(b)(2) and the court does not hold an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to survive dismissal.  *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).  When reviewing a motion to dismiss under such circumstances, the court must take as true uncontroverted allegations in the complaint, resolve conflicts between the facts contained in the parties' affidavits in the plaintiff's favor, and construe evidentiary materials in the plaintiff's favor.  *Ochoa v. J.B. Martin and Sons Farms, Inc*., 287 F.3d 1182, 1187 (9th Cir. 2002).

The exercise of personal jurisdiction by a federal court must comply with the requirements of the state's long-arm statute and the constitutional requirements of due process.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986).

**MEMORANDUM ORDER  2**

The Idaho long-arm statute, Idaho Code § 5-514,[1] provides that a person is subject to personal jurisdiction if he or she transacts business or commits a tortious act in Idaho and the alleged cause of action arises from that transaction or act.  *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987) (interpreting the Idaho long-arm statute).

In adopting the long-arm statue, the Idaho Legislature intended to exercise all the jurisdiction available to the State of Idaho under the Due Process Clause of the United States Constitution.  *Id.* at 1420.  Thus, because the state and federal limits of the Idaho long-arm statute are coextensive, the personal jurisdiction analysis centers on whether the requirements of due process are met.

Due process is satisfied if the defendant has certain minimum contacts with the state such that the maintenance of the action does not offend traditional notions of fair play and substantial justice.  *Id.* at 1420.  There are two types of personal jurisdiction that satisfy due process: general and specific.  *Reebok, Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  For "general" personal jurisdiction to apply, the defendant's contacts with the forum must be so pervasive that requiring her to appear to defend any lawsuit in the forum state, whether or not those contacts are related to the cause of action, does not offend traditional notions of fair play and substantial justice.  *See Data Disc, Inc.*

---

[1] Idaho Code § 5-514(a) & (b) provide that a non-resident is subject to the court's jurisdiction as to any cause of action arising from:
    (a) The transaction of any business within this state which is hereby defined as the doing of any action for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;
    (b) The commission of a tortious act within the state. . . .

**MEMORANDUM ORDER  3**

*v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)).  To establish such jurisdiction, the plaintiff must show that the nonresident defendant's activities within a state are "substantial" or "continuous and systematic," even though the claim is unrelated to the defendant's activities.  *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993) (citing *Data Disc*, 557 F.2d at 1287).

If the defendant has not had pervasive contact with the forum state, she may be subject to "specific" personal jurisdiction if the plaintiff's cause of action arises from limited contact the defendant had with the forum.  In determining whether the court has this type of jurisdiction, the Ninth Circuit has established the following three-part test: (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must comport with fair play and substantial justice.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  *See also Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991) (citations omitted).  Plaintiff bears the burden of satisfying the first two prongs of the test; if he fails, there is no personal jurisdiction in the forum state, and there is no need to proceed to the third prong.  *See Sher v. Johnson*, 911 F.2d 1357, 1361-64 (9th Cir. 1990).

**C.**    **Factual Allegations**

**MEMORANDUM ORDER  4**

Warden Miles alleges that she was first employed as the senior warden at Newton County Correctional Center (NCCC) on April 10, 2006, and that her assignment to the position occurred approximately 30 days after Idaho Department of Correction (IDOC) inmates began to arrive at NCCC.  She states that she was not involved in negotiating the contract for transfer of the Idaho inmates, nor has she had any involvement or contact with anyone from the Idaho Department of Correction or State of Idaho regarding the contract to transfer inmates.

*Affidavit of Priscella Miles*, at ¶¶ 3-5 (Docket No. 17-2).

Warden Miles further declares that she has never conducted or transacted business in Idaho, and that she has never conducted any personal or business activities in Idaho. She has never been physically present in Idaho.  She had contact with IDOC officials when they visited NCCC, and she had occasional telephone calls from Idaho prison officials after becoming senior warden.  She further declares that she has never "reached out in any way to establish [her] presence in Idaho or to realize any personal benefit based on the laws of the State of Idaho."  *Id*. at ¶¶ 6-8.

Plaintiff does not allege that he was injured in Idaho.  Rather, all of his allegations arise from his incarceration at NCCC in Newton, Texas.  Plaintiff has submitted the affidavit of a fellow inmate declaring that Miles was informed of dangerous circumstances existing at NCCC and that she deliberately disregarded the inmates' complaints.  *Affidavit of Shaun Carraway* (Docket No. 19-2).  Plaintiff alleges that Miles was acting as an agent of the State of Idaho in her capacity of warden of NCCC.  Plaintiff

**MEMORANDUM ORDER  5**

also alleges that Miles had frequent contact with the State of Idaho concerning the care, management, and welfare of Idaho State prisoners, and that, according to the prisoner transfer contract, she was required to run the facility according to Idaho policies and procedures.

**D.     Discussion**

Based on all of the factual allegations, the Court finds and concludes that Warden Miles is not subject to general personal jurisdiction because there are no allegations that Miles is personally conducting business within Idaho in a systematic and continuous manner.  *See Rano v. Sipa Press, Inc.*, 987 F.2d at 587.

Under the specific jurisdiction test, the Court must first look for "some act by which the defendant purposefully avail[ed] [her]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Lake*, 817 F.2d at 1421.  "The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction through random, fortuitous, or attenuated contacts." *Ziegler*, 64 F.3d at 473 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (internal punctuation omitted)).

In a case very similar to the facts of Plaintiff's case, *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006), the Tenth Circuit found that the Virginia prison official defendants did not reach out and have contact in New Mexico with a New Mexico prisoner whom they housed in a Virginia prison under contract with New Mexico, and, therefore, New Mexico had no personal jurisdiction over them.  In that case, the defendants' actions were

**MEMORANDUM ORDER  6**

limited to having "received a transferred New Mexico prisoner and implemented New

Mexico's classification and work authorization policies pursuant to the Interstate

Corrections Compact." *Id*. at 1219.  In reaching its decision, the court reasoned:

> It is the defendant's contacts with the forum state that are of interest in
> determining whether personal jurisdiction exists, not its contacts with a
> resident of the forum.  Thus, the constitutional touchstone remains whether
> the defendant purposefully established minimum contacts in the forum.
> . . . .
>         Here, Mr. Trujillo alleges only mistreatment by individual prison
> employees occurring completely within the State of Virginia. . . . Mr.
> Trujillo thus cannot establish the second requirement of minimum contacts
> necessary for specific personal jurisdiction over the Virginia defendants.
> . . . .
>         Furthermore, we see no particular reason to believe that due process
> requires Mr. Trujillo to be able to file his suit in a single forum in order to
> received convenient and effective relief.  To the extent that Mr. Trujillo
> must file separate lawsuits in two forums, the New Mexico defendants will
> be held accountable for their conduct in New Mexico, and the Virginia
> defendant will be held accountable for their conduct in Virginia.

*Id.* at 1220 (internal punctuation and citations omitted),1221 n.12, & 1221-22.

As in *Trujillo*, this Court rejects Plaintiff's argument that Miles' activities in Texas

support personal jurisdiction in Idaho.  Most importantly, Plaintiff cannot show that

Warden Miles allegedly caused any harm to Plaintiff in Idaho.  Rather, all of Plaintiff's

allegations concern actions by Warden Miles while Plaintiff was housed in Texas.

The Court also rejects Plaintiff's argument that Miles is subject to jurisdiction in

Idaho because she is an agent of the Texas corporation that owns NCCC or because she

became an agent of IDOC when NCCC entered into the contract with IDOC.  While

jurisdiction over a corporation can be obtained when the agent does acts on behalf of the

**MEMORANDUM ORDER  7**

corporation in the forum state, the reverse is not true; that is, personal jurisdiction over an

agent when she is being sued in her individual capacity cannot be predicated upon the

corporation having acted within the forum state.

In *Mann v. Coonrod*, 870 P.2d 1316 (Idaho 1994), where Defendant Coonrod was

one of two shareholders of a corporation named High Country Meats, Inc., the Idaho

Supreme Court explained:

> For the purpose of the motion to dismiss it is important to note that
> Coonrod is being sued individually and thus we must examine his activities
> independently of those of High Country to determine if he was personally
> transacting business within Idaho for the purposes of the long-arm statute.
> While his acts may have been done to benefit the business in which he has
> an interest, it is nevertheless his actions with which we are concerned and
> not those of High Country.

*Id*. at 1318.  The Idaho Supreme Court went on to analyze the sufficiency of the contacts

of the individual, as opposed to the corporation, as follows:

> Based upon the affidavits presented on the motion to dismiss we
> cannot say Coonrod transacted business within the state of Idaho within the
> meaning of the long-arm statute. The facts as alleged in Kent Mann's
> affidavit demonstrate only that Cannon and Coonrod were in daily contact
> regarding the operation of High Country; that Coonrod was involved in the
> financial decisions of High Country; and that Coonrod stated during a
> telephone call to him in Minnesota, which was initiated by Cannon in Utah,
> that he would guarantee payment for the calves. Therefore, the only actions
> alleged by Mann that would indicate Coonrod transacted business in Idaho
> are the telephone call and the fact that Mann is located in Idaho. We cannot
> say Coonrod transacted business in Idaho based upon a telephone call
> which he did not even initiate. Likewise, we cannot say Coonrod transacted
> business in Idaho due to the mere fact that Mann is located in Idaho.
> Nowhere do we find allegations supporting an inference that Coonrod was
> acting "for the purpose of realizing pecuniary benefit" or that he was
> "attempting to accomplish, transact or enhance" his own business purposes.
> Based upon the record before us there is simply no evidence that Coonrod

**MEMORANDUM ORDER  8**

> entered into a transaction of business within the state of Idaho. These facts
> were not a sufficient basis upon which the district court could assert
> jurisdiction.

*Id*. at 1319.

In *Knutsen v. Cloud*, 124 P.3d 1024 (Idaho 2005), the Idaho Supreme Court further

clarified:

> The plain language of our long-arm statute does not permit a court to
> exercise personal jurisdiction over the agent of a company who lacks
> sufficient contacts with Idaho, even if the principal is subject to jurisdiction
> through the actions of other agents.  Our long-arm statute works only in the
> reverse, allowing a court to exercise personal jurisdiction over a principal
> when its agent has sufficient contacts with Idaho.

*Id*. at 1027.

Likewise, reviewing a similar issue in *Sher v. Johnson*, the Ninth Circuit Court of

Appeals concluded that the State of California could exercise personal jurisdiction over a

Florida law firm partnership because it had executed a deed of trust against a California

resident's home, thus availing itself of the benefits of the laws of California, but the State

of California could *not* exercise personal jurisdiction over Defendant Johnson, an

individual partner of the Florida law firm under the following factual circumstances:

> Johnson represented Sher, a California resident, made phone calls
> and sent letters to California in the course of the representation, and
> traveled to California on three occasions to service his client. He was not,
> however, a beneficiary of the deed of trust; only the partnership was. Such
> contacts alone do not constitute purposeful availment of the privilege of
> conducting activities in California.

911 F.2d at 1366.

Here, based on the law and the factual allegations of the parties construed in a light

**MEMORANDUM ORDER  9**

most favorable to Plaintiff, the Court concludes that it cannot exercise personal jurisdiction over Warden Priscella Miles, and that her Motion to Dismiss should be granted.  Plaintiff has not made a prima facie showing that Defendant Miles took any action in, or aimed at, the State of Idaho such that this Court's exercise of personal jurisdiction over her in an individual capacity would satisfy due process.[2]  As in *Mann v. Coonrod* and *Sher v. Johnson*, any telephone calls to Idaho made by Miles in her capacity as warden were in furtherance of the business of the Texas corporation that employed her and not for her own personal benefit or pecuniary gain.  Accordingly, all claims against Warden Miles are dismissed without prejudice to Plaintiff bringing them in a court of proper jurisdiction and venue.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Priscella Miles' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 17) is GRANTED.  All claims against Miles are dismissed without prejudice.

IT IS FURTHER HEREBY ORDERED that the following pre-trial schedule shall govern this case:

1.   **Disclosure of Relevant Documents:** On or before **June 29, 2007**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege

---

[2]  Plaintiff is no longer housed at NCCC; therefore any official capacity claims against Miles for prospective injunctive relief are moot.

**MEMORANDUM ORDER  10**

purposes; and, if necessary, they shall provide a security/privilege log

sufficiently describing any undisclosed relevant documents which are

alleged to be subject to nondisclosure.  Any party may request that the

Court conduct an in camera review of withheld documents or information.

2.    **Completion of Discovery and Requests for Subpoenas:**  All discovery

shall be completed on or before **October 31, 2007.**  Discovery requests

must be made far enough in advance to allow *completion* of the discovery

in accordance with the applicable federal rules *prior* to this discovery cut-

off date.  The Court is not involved in discovery unless the parties are

unable to work out their differences as to the discovery themselves.  In

addition, all requests for subpoenas duces tecum (production of documents

by nonparties) must be made by **August 31, 2007.**  No requests for

subpoenas duces tecum will be entertained after that date.

3.    **Depositions**:  Depositions, if any, shall be completed on or before

**October 31, 2007.**  If Defendants wish to take the deposition of Plaintiff or

other witnesses who are incarcerated, leave to do so is hereby granted.  Any

such depositions shall be preceded by ten (10) days' written notice to all

parties and deponents.  The parties and counsel shall be professional and

courteous to one another during the depositions.  The court reporter, who is

not a representative of Defendants, will be present to record all of the words

spoken by Plaintiff (or other deponent), counsel, and any other persons at

**MEMORANDUM ORDER  11**

the deposition.  If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then he can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.    **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **December 31, 2007.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court.  No motion or memorandum, typed or handwritten, shall exceed 20 pages in length.**

**MEMORANDUM ORDER  12**



DATED:  **June 5, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  13**