IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE PETER BOWCUT, ) | |
| ) | Case No. CV06-208-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM ORDER** |
| vs. ) | |
| ) | |
| IDAHO STATE BOARD OF CORRECTION, ) | |
| THOMAS BEAUCLAIR, SHARON LAMM, ) | |
| OFELIA ALVARADO, and PRISCILLA ) | |
| MILES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in this civil rights case is Defendants' Motion to Dismiss (Docket No. 32). Having reviewed the Motion, Response, Reply, and the other filings in this case, the Court concludes that oral argument is unnecessary and enters the following Order.

## BACKGROUND

Plaintiff is an Idaho Department of Correction (IDOC) prisoner who was transferred to the Newton County Correctional Center (NCCC), which is a Texas prison. He was later transferred back to Idaho. Plaintiff alleges that his civil rights were violated by the conditions of his confinement in Texas. In this case he brought suit against the

**MEMORANDUM ORDER  1**

Texas prison warden and Idaho Department of Correction (IDOC) officials.  The Court previously granted Texas Warden Priscella Miles' Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 17 & 26), notifying Plaintiff that he could re-file his case against her in Texas.  Now, the IDOC officials argue that they are entitled to dismissal of Plaintiff's Complaint.

## DEFENDANTS' MOTION TO DISMISS

**A.     Standard of Law for Summary Dismissal**

 A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

Here, Plaintiff alleged that, on or about February 2007 he submitted a request to prison officials for filing an amended complaint (Docket No. 41).  On January 25, 2008, the Court notified Plaintiff that his amended complaint had *not* been received by the Clerk of Court and, and the Court ordered Plaintiff to re-file his February 2007 Amended Complaint no later than March 25, 2008.  Plaintiff has filed nothing further in this case.

As a result, the Court concludes that Plaintiff has already had an opportunity to file

**MEMORANDUM ORDER  2**

his amended complaint in response to Plaintiff's Motion to Dismiss (Docket No. 32).  The Court will not, however, treat the Motion to Dismiss as a summary judgment motion, because Plaintiff has not yet had adequate opportunity to conduct discovery.

**B.     Review of Claims**

       1.     Eighth Amendment Claims - IDOC Defendants

Plaintiff alleges that Defendants toured NCCC and approved Idaho prisoners' transfer there.   To the extent that Plaintiff has alleged that Defendants were "instrumental in creating policy" that violated his civil rights, Plaintiff's Eighth Amendment claim is not limited to alleging or showing that prison officials transferred prisoners pursuant to an unconstitutional formal policy, because it seems rather obvious that no such formal policy would exist.  Rather, the Court liberally construes his claim as one that Defendants knew of the allegedly unconstitutional conditions and transferred Idaho prisoners there anyway, a cognizable Eighth Amendment claim.  *See Complaint*, p. 3 (Docket No. 3).  For example, Plaintiff argues that the combination of the small cells, limited bathrooms, lack of day rooms, and the large number of prisoners in each cell creates inhumane conditions that would be obvious during a prison tour.  *Id.*, pp. 3-6. Whether he has sufficient evidence to support these allegations is not relevant to a determination under Rule 12(b)(6).

However, as discussed below, because Idaho prison officials have no authority over the particular conditions of the Texas prison, Plaintiff cannot bring such claims against Idaho prison officials, but must bring them against Texas prison officials in

**MEMORANDUM ORDER  3**

Texas.

    2.    <u>Equal Protection Claim Comparing NCCC to Other Texas Prisons</u>

Plaintiff has not alleged facts against IDOC Defendants that would state an equal protection claim regarding NCCC's conditions (including food and clothing) compared to other Texas prisons. This is a claim that must be brought in Texas against Texas officials who had authority over the Texas prisons at issue. *See Garcia v. Lemaster*, 439 F.3d 1215 (10th Cir. 2006) (out-of-state prison officials have no say in in-state classification, nor can they take any affirmative action with respect to in-state prison conditions). Accordingly, this claim is dismissed as to the IDOC Defendants.

    3.    <u>Equal Protection Claim Comparing NCCC to Idaho Prisons</u>

Plaintiff is also alleging that conditions at the Texas prison were grossly inadequate compared to the Idaho prisons, and that Idaho prison officials knew of the poor circumstances before transferring him and other inmates to Texas. The factual basis of this claim is similar to his Eighth Amendment claim, discussed above, and therefore the Court does not find dismissal appropriate at this time based upon the Complaint and Plaintiff's exhibits.

    4.    <u>Right to Remain in an Idaho Prison</u>

To the extent that Plaintiff has alleged that he had a right to remain in an Idaho prison and not be transferred out-of-state, he has failed to state a claim upon which relief can be granted. Plaintiff has no constitutional right to be housed at a particular institution within the prison system. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoners

**MEMORANDUM ORDER 4**

generally have no constitutionally-protected liberty interest in being held at, or remaining at, a given facility); *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985).

     5.    <u>Respondeat Superior</u>

To the extent that Plaintiff alleges that Defendants are responsible for the Texas prison conditions simply because of the positions of authority they hold, he has failed to state a claim upon which relief can be granted. Respondeat superior, which is an employer's liability for an employee's actions without any personal involvement of the employer, is not a viable theory under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Liberally construing Plaintiff's Complaint and his exhibits, the Court finds that Plaintiff has sufficiently alleged that Defendants were personally involved in reviewing Texas prison conditions and transferring Idaho inmates there, despite their knowledge of the unconstitutional conditions. Because Plaintiff has not had an opportunity yet to conduct discovery, the Court will not dismiss his claims at this time for lack of supporting evidence.

     6.    <u>Claims Asserted on Behalf of Others</u>

Plaintiff is not a licensed attorney, and therefore may not maintain a court action of any kind on behalf of another person. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Therefore, Plaintiff's claims asserted on behalf of other inmates are dismissed.

     7.    <u>Visitation</u>

**MEMORANDUM ORDER 5**

Here, Plaintiff does not challenge regulations governing visitation,[1] but alleges that transferring him to an out-of-state prison unreasonably burdened his familial relationships in Idaho. Plaintiff has stated no cause of action because his Idaho friends and relatives are not banned from visiting him; rather, the transfer makes visitation more difficult. Because Plaintiff has no right to be incarcerated in a particular facility, *see Pratt v. Rowland*, 65 F.3d at 806, he has stated no cause of action arising from his relatives' added hardship of visiting him in an out-of-state facility rather than in an Idaho institution. In addition, Plaintiff's out-of-state incarceration did not last for a prolonged period of time. This claim is subject to dismissal for failure to state a claim.

8.  Claims without Allegations of Personal Harm

The following claims are subject to dismissal without prejudice for Plaintiff's failure to show that he was personally injured or damages as a result of an alleged constitutional violation.

a.  *Access to Courts*

An inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he or she can demonstrate that an actual injury occurred as a result of the alleged denial, meaning that "a nonfrivolous legal claim has been frustrated or was being impeded."

---

[1] Regulations impinging on inmates' visitation rights are constitutional so long as they are rationally related to legitimate penological interests. *Overton v. Bazzetta*, 539 U.S. 126, 131-32 (2003).

**MEMORANDUM ORDER  6**

*Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  In *Lewis v. Casey*, the United States Supreme Court noted that the right to access the courts is a limited one, aimed at ensuring that prisoners may initiate their legitimate petitions and complaints, and that the federal courts should not require the state to provide legal materials to prisoners which exceed the scope of that right.  *See id.* at 354.

Here, Plaintiff's allegations that Defendants failed to provide research materials is not actionable, because prisons and jails are not required to provide research materials.  Neither has Plaintiff stated any actual harm arising from the alleged shortcomings of the legal resources at NCCC.

        b.      *Medical and Psychiatric Care*

Plaintiff alleged that inmates at NCCC were deprived of prescription medications, psychiatric care, and counseling.  However, he has not stated that he, personally, was deprived of any care such that the deprivation would arise to the level of an Eighth Amendment violation.  Plaintiff has also failed to allege that these particular Defendants knew of and could have prevented any such medical problems.  As a result, this claim is subject to dismissal.

        9.      <u>Injunctive Relief</u>

An inmate's transfer or release from prison renders his injunctive relief claims moot.  *See Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985).  *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995).  Because Plaintiff is no longer housed at NCCC, his claims for injunctive relief are dismissed.

**MEMORANDUM ORDER  7**

10. <u>Living Conditions Claims that Should Be Brought in Texas</u>

All particular living conditions claims must be brought in Texas against the Texas authorities who were in charge of Plaintiff's day-to-day care. *See Garcia v. Lemaster*, 439 F.3d at 1217-18 (New Mexico prisoner transferred to California could not sue New Mexico prison officials in a New Mexico federal district court for conditions of confinement in California, but had to sue California officials in a California federal district court). These claims include the following: lack of ventilation; lack of natural light; leaky roofs; mold; inadequate food and clothing; limited access to bathrooms; lack of outdoor exercise facilities; inadequate kitchen sanitation; lack of due process in disciplinary hearings (only where this arises to the level of a constitutional violation);[2] and lack of hobbycraft, reading, recreational, vocational, and rehabilitative items and programs (only where this arises to the level of a constitutional violation).[3]

11. <u>Living Conditions Claims that are Meritless</u>

However, several claims do not state a federal claim for relief and should not be brought in any court. These include the following:

    *a*    *Telephone Service*

Inmates have a First Amendment right to telephone access, but that right "is

---

[2] *See Sandin v. Conner*, 515 U.S. 472, 487 (1995).

[3] *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to a particular security classification or to prison rehabilitative services); *Bauman v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir. 1985) (no constitutional right to work furlough classification); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (no general right to rehabilitation).

**MEMORANDUM ORDER  8**

subject to rational limitations in the face of legitimate security interests of the penal institutions." *Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986) (internal citation and punctuation omitted). Plaintiff's vague allegations that long distance charges were too expensive at NCCC ($11.50 to 20.00 per 15-minute long distance call) fail to state a claim. Prisons have no obligations to subsidize telephone service for inmates, and "there is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls." *Johnson v. State of California*, 207 F.3d 650, 656 (9th Cir. 2000). Plaintiff has not alleged that telephone rates were so exorbitant that inmates could not make any calls, amounting to a denial of phone service altogether. *See id*. This claim is subject to dismissal.

                b.    *Commissary*

Plaintiff alleges that the NCCC Commissary charged too much for items such as art pads. These allegations do not state a claim upon which relief can be granted, as there is no constitutional right to purchase items at an inexpensive price at a prison commissary. *See Hardin v. Johnson*, 2008 WL 906489 (D. Miss. 2008) (citing numerous cases in agreement).

**C.**    **Conclusion**

Plaintiff may proceed on only those claims authorized above. Because Plaintiff has not filed anything in this case for many months, the Court will require him to file a notice of intent to proceed within ten (10) days of this Order. Thereafter, the Court shall provide for a pretrial schedule. Plaintiff may conduct discovery that is relevant to the

**MEMORANDUM ORDER  9**

remaining claims, but shall not conduct discovery that would be relevant only to those claims that have been dismissed.

### D.     Request for Class Certification

Plaintiff has asked for class certification in his Complaint, to consist of "all persons confined at the Newton County Correctional Center who are within the jurisdiction of Idaho." Rule 23(a) provides that a court should certify a class only if the following prerequisites are met: (1) the class is too numerous, making joinder of the parties impracticable; (2) common questions of law or fact exist among the class members; (3) the claims of the class representatives are typical of the claims of the class; and (4) the class representatives will adequately represent the interest of the class. In addition to satisfying the mandatory prerequisites in Rule 23(a), the potential class members must also demonstrate that they meet at least one of the alternative requirements under Rule 23(b).

The Court declines to certify a class because there are no ongoing issues as a result of all Idaho inmates being removed from the Texas facility. Inmates who wish to take court action against prison officials over their incarceration in the Texas facility have done so. The Court may consider consolidating any similar cases that are currently pending in the United States District Court for the District of Idaho if it appears more judicially efficient to do so.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to

**MEMORANDUM ORDER  10**

Dismiss (Docket No. 32) is GRANTED in part and DENIED in part, as more particularly set forth above. Plaintiff shall file a notice of intent to proceed within ten (10) days after this Order is signed, or his entire case shall be dismissed.

IT IS FURTHER HEREBY ORDERED that Plaintiff's request for class certification (contained in his complaint) is DENIED.

DATED: **June 16, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  11**